UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:12-cr-83-FtM-29DNF

JEROME RAYMOND RILLERA
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Vacate Order of Detention (Doc. #16) filed on July 13, 2012. Defendant filed a Memorandum in Support (Doc. #22) on August 9, 2012, to which the government filed a Response in Opposition (Doc. #25) on August 16, 2012. Defendant filed a transcript of the detention hearing (Doc. #29) on August 28, 2012.

The matter is before the Court pursuant to 18 U.S.C. § 3145, which provides that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The Court conducts an independent review to determine whether the magistrate judge properly found that pretrial detention was necessary. United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). The Court has carefully read the transcript (Doc. #29), as well as the original report prepared by Pretrial Services, the September 7, 2006 Presentence Report attached to it, and the contents of the court file.

The Order of Detention (Doc. #10) makes the following findings: "The defendant previously committed the same type [of] offense while on home detention and was on Supervised Release at the time of this offense[.] The evidence against the defendant appears substantial. There are no condition or combination of conditions of release [that] will reasonably assure the safety of any other person and the community."

Section 3142(e) of the Bail Reform Act provides that a judicial officer shall order detention if he "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3241(e). The concept of "dangerousness" is broader than might be commonly understood, and includes "the danger that the defendant might engage in criminal activity to the detriment of the community." King, 849 F.2d at 487. "Section 3142(e) accords the judicial officer substantial latitude in determining whether pretrial detention is appropriate." King, 849 F.2d at 487.

"Detention can be ordered only in a case that involves one of the six circumstances listed in § 3142(f)." United States v. Nguyen, 166 F. App'x 118, 119 (5th Cir. 2006)(citing United States v. Byrd, 969 F.2d 106, 109 (5th Cir. 1992)). "'A serious risk that the person will flee' is one of those six circumstances that warrants detention if there are no release conditions that will

reasonable assure appearance of the defendant when required. § 3142(f)(2)(A)." Nguyen, 166 F. App'x at 119. The government bears the burden of demonstrating a serious risk of flight by a preponderance of the evidence. United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

> Judicial officers making risk of flight determinations are guided by the factors set forth in Section 3142(g), including the nature and circumstances of the offenses charged, the weight of the evidence against the person, and the history and characteristics of the defendant. Applying those factors to this case, we do not find a preponderance of the evidence supporting the proposition that no condition or combination of conditions will reasonably assure the appearance of the defendant at trial.

United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986). Consideration of these factors establish defendant is a serious risk of flight.

Defendant is charged in a three count Indictment (Doc. #13), filed after the detention hearing, with making and passing counterfeit U.S. currency on or about May 9, 2012 and attempting to do so on May 13, 2012, in the Middle District of Florida. The evidence appears to be exceptionally strong: Defendant was a regular customer at the place where the currency was passed, a search of his home resulted in inculpatory evidence, defendant confessed to making and passing the currency, and video surveillance shows the unsuccessful attempt to pass six counterfeit bills. (Doc. #29-1, p. 3.) Defendant has some family ties to the community. (Id., p. 5.) His father is deceased, and his step-

mother who lives in the area reportedly told Probation that defendant is not welcome to live with her. (Doc. #25, pp. 8-9.) Defendant asserts he is legally blind, but has been captured on video attempting to pass counterfeit bills and has confessed to making the bills himself. (<u>Id.</u>, pp. 2-3; Doc. #1, p. 4.) Defendant has no meaningful employment in the recent past.

Defendant's criminal history is extensive, and places him at the highest possible criminal history category under the Sentencing Guidelines. A copy of the criminal history section of the 2006 Presentence report is attached to this Opinion and Order for ease of reference. Since 1986, defendant has convictions in separate cases for grand theft in the third degree, possession of cocaine (one case in 1988, one case in 1997, one case in 2002), obtaining property by worthless check (26 cases from 1989-91), scheme to defraud (one case in 1993 and one case in 1999), grand theft (two cases in 1997), forgery (one case in 1997 and one case in 1999), purchase of cocaine, scheme to defraud (three cases in 1999), and dealing in stolen property. Defendant has shown a consistent pattern of refusing to obey the orders of the court by violating various types of supervision, including probation and community control in at least 24 of his prior cases, and committing the instant offense while on supervised release from a federal conviction for the same type of counterfeiting conviction.

The Court concludes that the government has established that defendant is a substantial risk of flight and that there is no condition or combination of conditions which will reasonably assure his appearance in court when required or the safety of the community.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Vacate Order of Detention (Doc. #16) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of August, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record